Curia, per

Johnson, J.
In Jones vs. Coles, decided during the present sitting, it was decided, upon very satisfactory principles, (if it had been possible to consider the question doubtful,) that any one having property or the right of possession, might maintain trover for its wrongful conversion by a stranger: and I refer to that case for the doctrine of íaw. The deed from John Barlow to William Shaw, conveys the legal property of the negroes in dispute, in appropriate legal terms, and it is declared to be “to the use of, and in trust nevertheless, for the solé use, benefit and behoof of the said Ann, from this date, for and during the term of her natural life.” It is true, there is no disposition made of the property after the termination of Mrs. Barlow’s life estate, but according to the legal effect ofthe deed, the property is in Shaw, until her death (for the statute for transferring uses into possession, is limited to real estate,) and it is necessary that the legal property should abide in him, to enable him to fulfil the trust declared in the deed. A conveyance in trust was necessary to obviate the marital rights of the husband, which would have arisen out of a direct conveyance to herself — and as long as she lives the same necessity will exist, as she may again take husband. Whether, therefore, we consider the rights of Shaw, in reference to the legal effects of the deed, or the trusts executed under it, the legal estate would have abided in him had he been living. The Act of the Legislature expressly authorizes the Court of Chancery to substitute a trustee for one who is deceased, where no provision is made in the deed or will for that event; and all the formula of that Act were observed in the order substituting the plaintiff in the place of Shaw, The assignment made by Shaw was void, for want of a power to that effect in the deed. But under the order of Chancery, all powers which he had, were transferred to the plaintiff
We are therefore of opinion that the motion should be granted — and it is accordingly so ordered.
DAVID JOHNSON.
We concur. John B. O’Neall, Wm. Harper.